

Phillip D. Berger *†
Matthew R. Kaufmann

Of Counsel
Michael S. Dinney

* Also member of New Jersey Bar
† Also member of Washington, D.C. Bar

919 Conestoga Road
Building 3, Suite 114
Bryn Mawr, PA 19010
Tel. 610-668-0800
www.BergerLawPC.com

BERGER@BERGERLAWPC.COM
610-668-0774

January 3, 2025

*VIA ECF E-FILING*
The Honorable Mary Kay Costello
United States District Court
Eastern District of Pennsylvania
3042 US Courthouse
601 Market Street
Philadelphia, PA 19106

   Re: ***Lehigh Valley 1 LLC v. Saucon Trust***
      Civil Action No. 5:24-cv-02709-MKC

Dear Judge Costello:

  We represent Plaintiff Lehigh Valley 1 LLC with regard to the above referenced matter. We write to respectfully bring to Your Honor's attention a recent decision from this District that bears directly on the pending Motion to Dismiss in this matter.

  On January 2, 2025, following jurisdictional discovery and oral argument, Judge Jeffrey L. Schmehl issued an Order in *Lehigh Valley 1 LLC v. Whitehall Fiduciary LLC*, Civil Action No. 24-2627 (E.D. Pa.), denying a motion to dismiss that raised substantially identical arguments to those currently before Your Honor.

  The *Whitehall* matter, like the instant case, involves a mortgage foreclosure action where the defendant challenged both diversity jurisdiction and sought abstention. The motions and responses in both cases address nearly identical issues regarding the citizenship of Lehigh Valley 1 LLC, the propriety of federal jurisdiction, and the application of abstention principles.

  After permitting a period of jurisdictional discovery and conducting a hearing, Judge Schmehl concluded that: (1) the plaintiff had properly alleged complete diversity of citizenship and Article III standing; (2) the defendant had failed to provide any evidence demonstrating that diversity did not exist; and (3) abstention was not warranted where no related state proceeding was currently ongoing and the collateralized property was not under the active jurisdiction of another court.

  Enclosed please find a copy of Judge Schmehl's Order. We submit this Order as a courtesy to the Court and for judicial notice, as it addresses the same jurisdictional and abstention arguments currently pending before Your Honor.

January 3, 2025
Page 2

___

      Should Your Honor desire any additional information, please do not hesitate to contact me.

                                          Respectfully submitted,

                                          *Phillip D. Berger*

                                          PHILLIP D. BERGER

PDB/slt
cc: All Counsel of Record (via ECF)
Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEHIGH VALLEY 1 LLC, *Plaintiff,* v. WHITEHALL FIDUCIARY LLC, *Defendant.* | CIVIL ACTION NO. 24-2627 |

**O R D E R**

**AND NOW**, this 2nd day of January, 2025, after reviewing the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 9, the submissions related thereto, and after holding oral argument, it is hereby **ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF No. 6, is **DENIED**.[*]

BY THE COURT:

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[*] This mortgage foreclosure action stems from an alleged default on a loan secured by a mortgage on a property in Whitehall, Pennsylvania. The Defendant has moved to dismiss the complaint, arguing that the Plaintiff's attempt to assert jurisdiction in this Court is a result of forum shopping. After granting a period of discovery to investigate the Plaintiff's citizenship, the Defendant has failed to provide any evidence demonstrating that diversity of citizenship does not exist. Moreover, as the Plaintiff has otherwise plausibly stated a claim for relief and has alleged facts that establish complete diversity of citizenship and Article III standing, the Court concludes that federal jurisdiction is proper. Finally, since the Defendant has not shown that a related state proceeding is currently ongoing or that the collateralized property is under the active jurisdiction of another court, this Court declines to abstain.