IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEHIGH VALLEY 1 LLC, successor by assignment to WINDSTREAM CAPITAL LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION | : : : : : : : : | CIVIL ACTION<br><br>NO. 24-2627 |
| v. | : : | |
| WHITEHALL FIDUCIARY LLC, as TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2027 | : : : | |
| LEHIGH VALLEY 1, LLC, successor by assignment to WINDSTREAM CAPITAL LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION | : : : : : : : : | CIVIL ACTION<br><br>NO. 24-2709 |
| v. | : : | |
| SAUCON TRUST, U/T/A DATED OCTOBER 1, 2007 | : : | |

**ORDER**

**AND NOW**, this 2nd day of May 2025, upon consideration of Plaintiff's Motion for Appointment of a Receiver (Docket No. 8 (24-2627) and Docket No. 17 (24-2709)), Defendants' opposition thereto, as well as all replies and sur-replies, and after oral argument being held, it is hereby **ORDERED** that Plaintiff's Motions are **GRANTED**. It is further **ORDERED** as follows:

    **I.    APPOINTMENT OF THE RECEIVER**

        1.    Duane Morris LLP through Erin Duffy, Esq. is appointed as Receiver with the usual powers and directions for the benefit of the Plaintiff of all the rents and profits now due and unpaid or to become due during the pendency of this mortgage foreclosure action, effective

immediately for all real and personal, tangible and intangible property (including, without limitation, all structures, leases, fixtures and moveable personal property, in addition to all of the property set forth in paragraph 6(a) hereof) owned by Whitehall Fiduciary LLC, as Trustee of Whitehall Trust U/T/A Dated August 1, 2007 ("Whitehall") at 1177 6th Street, Whitehall, PA and Saucon Trust U/T/A Dated October 1, 2007 ("Saucon") at 1050 Main Street, Unit # 1, Hellertown, PA (collectively the "Properties"); with respect to income of any kind; and with respect to any and all other property and property interests pledged or assigned to Plaintiff under the Loan Documents, as defined in the Complaints.

## II. TERM OF THE RECEIVER

2. The Receiver shall serve as the receiver for the Properties for a period which shall commence on the date of this Order and shall continue, notwithstanding the entry of judgment in favor of Lehigh Valley 1 LLC (by consent or otherwise), subject to the terms of paragraph 3 below, until the earliest to occur of: (i) the termination of such appointment by a subsequent Order of Court; (ii) Lehigh Valley 1 LLC's (or its nominee's, designee's or assignee's) acquisition of title to the Leasehold Estate through the delivery to Lehigh Valley 1 LLC (or its nominee, designee or assignee) of a sheriff's assignment or by assignment in lieu of foreclosure; or (iii) full payment of all sums due and owing under the "Loan Documents" (as defined in Plaintiff's Complaints).

3. Notwithstanding the terms of paragraph 2, at Lehigh Valley 1 LLC's request, and upon Court approval, following the occurrence of the events described in part (iii) of paragraph 2, the Receiver shall continue the receivership for such reasonable period as may be necessary to wind up the receivership.

4. The receivership may be terminated at any time by Lehigh Valley 1 LLC filing with the Court and serving upon the Receiver, Whitehall, and Saucon a Notice of Request to Terminate Appointment of the Receiver (a "Termination Request").

5. Within 30 days after the termination of the receivership, the Receiver shall file with the Court and serve upon Lehigh Valley 1 LLC, Whitehall and Saucon its final report and accounting for the receivership, and the Receiver or Lehigh Valley 1 LLC may request that the Court enter an Order approving such final report and accounting and discharging the Receiver from its duties under this Order.

### III. POWERS AND DUTIES OF THE RECEIVER

6. The Receiver shall have all necessary powers to manage the rents and profits of the Property, including the following powers:

(a) To enter and take immediate possession of the Property, and to demand, collect and receive the rents, income, revenues, proceeds and profits derived from tenants at the Property, their sublessees or any occupants in possession, including maintenance fees, management fees, special assessments and/or other charges relating to the Property, which are now due and unpaid or which may become due hereafter (collectively, the "Rents"), and all personal property owned or utilized by Lehigh Valley 1 LLC that relates to the management or operation of the Property, including all books, records, bank accounts, reserve accounts, cash on hand, keys, and combinations for locks or other access information in the possession of or reasonably available to Whitehall, Saucon or their property managers (collectively, the "Receivership Properties");

(b) To access and use office equipment at the Properties used by Whitehall, Saucon or their property managers, including computer equipment, software programs and passwords;

(c) To take all actions necessary to preserve, maintain, operate, and manage the Property. The Receiver must obtain Lehigh Valley 1 LLC's prior written consent before any such expenditures are made;

(d) To employ counsel and, with the consent of Lehigh Valley 1 LLC, accountants or other professionals, contractors and support personnel and other persons necessary

3

in order to carry out its duties as the Receiver and to preserve, maintain and operate the Property, and to compensate such persons at competitive rates, without further Order of this Court, at their respective hourly rates, plus reimbursement of all reasonable and necessary out-of- pocket expenses;

(e) To commence, prosecute, continue or defend actions at law or in equity (in its own name or in the names of Whitehall or Saucon) that the Receiver deems necessary to protect or preserve the Property, to recover possession of the Property, to collect the rents, or to evict or eject any tenants or occupants in accordance with applicable state laws;

(f) To continue in effect, modify or terminate (if and to the extent terminable without penalty or premium unless such termination penalty or premium shall be paid by the Receiver) agreements, contracts, understandings or commitments entered into by Whitehall or Saucon with respect to the Properties, to the extent permitted by applicable law, and to make additional agreements and contracts reasonably necessary for the operation and preservation of the Properties;

(g) To retain a reputable management company (including, but not limited to, an affiliate of the Receiver), maintenance personnel, broker, leasing agent and/or marketing agent to operate and manage the Properties, and to market the Properties for rent, without further order of this Court, but with the consent of Lehigh Valley 1 LLC, and at competitive rates plus reimbursement of its reasonable and necessary out-of-pocket expenses;

(h) To pay all past-due and current insurance premiums, taxes, assessments, sewer and utility charges levied against the Properties, and (with the consent of Lehigh Valley 1 LLC) to purchase merchandise, construction and other materials, supplies and services as the Receiver deems necessary and advisable to assist the Receiver in performing its duties and to pay the ordinary and usual rates and prices;

(i) To open and utilize any new bank accounts as the Receiver deems necessary

or desirable in connection, and the Receiver is authorized, empowered and directed to use Whitehall's and/or Saucon's tax identification number in connection with the revenue and expenses with respect to the Properties;

  (j)  To make, enter into, enforce, terminate, modify or accept a surrender of any of the Leases (as defined in the Mortgage); to obtain and evict occupants (subject to applicable laws and regulations); to bring or defend any suits in connection with the Leases or Rents in its own name or in the name of Whitehall or Saucon; to compromise any Rents or other payments, income or proceeds that may become due; and to sue for or otherwise collect and receive all Rents, including those past due and unpaid. Rents and Leases shall be turned over to Receiver and the Defendant shall be enjoined and restrained from collecting the Rents and Leases of the Properties or interfering with Receiver's ability to collect said Rents and Leases. Tenants, **occupants, and licensees** of the Properties are enjoined from paying any rent or lease payment to the Defendant, its agents, servants or attorneys, and if they do so, they may be held liable to Receiver and Plaintiff for these sums;

  (k)  To present for payment any checks, money orders or other forms of payment made payable to Whitehall, Saucon, their property managers, or any other agent, assignee or nominee of Whitehall or Saucon, which constitute Rents, endorse and collect the proceeds, to be used and maintained as elsewhere provided;

  (l)  To keep the Properties insured (whether by the existing insurance coverages or new coverages), each of which insurance policy shall name the Receiver and Lehigh Valley 1 LLC as additional insureds, if permitted by the insurer, and shall comply, at a minimum, with the terms of the Loan Documents;

  (m)  As Receiver, to use for any such purpose any funds of Whitehall or Saucon, including the Rents;

(n) To notify all local, state and federal government agencies, all vendors and suppliers, and any and all others who provide goods and services to the Properties of its appointment as the Receiver;

(o) Receiver is authorized to apply income from the Properties, subject to the lien rights of Lehigh Valley 1 LLC, as follows and in the following order to the extent funds are available: first, to pay Receiver's approved fees and expenses which include the Receiver's attorneys' fees related to the receivership; second, to pay all operating expenses with respect to the Properties (other than the obligations owed to Plaintiff under the Loan Documents); third, to pay all capital obligations with respect to the Properties; fourth, to fund reasonable reserves for anticipated operating expenses and capital obligations with respect to the Properties; and lastly, to pay the obligations owed to Plaintiff under the Loan Documents;

(p) To take any and all steps necessary to receive, collect and review all mail or other parcels relating to the Properties addressed to Whitehall, Saucon and/or their property managers, including, but not limited to, mail or other parcels addressed to any post office boxes held in the name of Whitehall, Saucon, their property managers, or any other agent, assignee or nominee of Whitehall or Saucon, and to instruct the U.S. Postmaster and any other mail or parcel carrier or service to re-route, hold, and/or release said mail or other parcels to the Receiver; provided that any mail and other parcels addressed to Whitehall or Saucon that do not relate to the Properties and reviewed by the Receiver in the performance of its duties will be forwarded to Whitehall, Saucon or their property managers by the Receiver after its review;

(q) With prior written consent and authorization from Lehigh Valley 1 LLC to delegate or assign any and all rights and powers of the Receiver set forth herein, in the reasonable discretion of the Receiver;

(r) To apply to this Court for further direction and for such further powers as may be necessary to enable the Receiver to fulfill its duties;

6

   (s) To keep a true and accurate account of any and all receipts and expenditures for the Properties;

   (t) Receiver shall, within 30 days of qualification and appointment, provide Lehigh Valley 1 LLC, Whitehall and Saucon with an inventory of all property of which Receiver has taken possession. If Receiver subsequently comes into possession of additional property, Receiver will provide Lehigh Valley 1 LLC, Whitehall and Saucon with a supplemental inventory;

   (u) In addition to any financial, operating, and other reports and information required to be delivered pursuant to the Loan Documents, Receiver shall provide the following documents for the immediate preceding calendar month, which documents are believed by the Receiver as being true, correct, and complete as of the reporting date;

    (i) a balance sheet, statement of income and expenses, statement of cash flows for the Properties and on a consolidated basis for all Properties;

    (ii) a detailed rent roll for the Properties showing the occupancy of the respective Properties, name of each tenant, occupant, or customer and, for each tenant, occupant, or customer, the space occupied, the lease or occupancy commencement and expiration dates, the rent or fee payable, the rent or fee paid to date and the security deposit being held for such tenant, if any, and a leasing or rental activity report for the Properties each in detail reasonably satisfactory to Petitioner;

    (iii) an aged payables report and an aged receivables report for the Properties;

    (iv) a capital expenditure report for the Properties;

    (v) all bank statements with monthly reconciliations; and

    (vi) each of the above will be provided to Plaintiff on a monthly basis.

   (v) To pay all ordinary and reasonable costs associated with the Properties arising on or after the date of the Complaint, that were not invoiced by the vendor or provider prior to the date of this Order;

   (w) To open any new customer accounts necessary to effectively manage the Properties and/or to require Whitehall and/or Saucon to identify the Receiver as an authorized account user for any existing accounts;

   (x) To pay any pre-receivership obligations of Whitehall and Saucon authorized by Lehigh Valley 1 LLC;

   (y) To execute a W-9 as an attorney-in-fact for Whitehall and Saucon;

   (z) To notify tenants and other persons now or hereafter in possession of all or any portion of the Properties to pay all Rents directly to the Receiver;

   (aa) To exercise commercially reasonable discretion in determining whether to refund security deposit to a tenant, in whole or in part, in accordance with the applicable leases or agreements, and to pay any such funds from security deposits turned over from Whitehall, Saucon or (for tenancies arising after the date of this Order) security deposits paid by or on behalf of a tenant first, and then from cash flow generated from Rents, issues, profits, and income from the Properties.

   (bb) Receiver and Lehigh Valley 1 LLC are authorized to enter transactions by which Lehigh Valley 1 LLC may lend monies to Receiver (on a nonrecourse basis as to Receiver) to enable Receiver to perform its duties, which shall be secured by a first and prior lien and security interest on the Properties and on all other collateral of Lehigh Valley 1 LLC, in favor of Lehigh Valley 1 LLC as security for such on the same terms and conditions set forth in the Mortgage, subject, however, to the terms of paragraph (cc) below.

   (cc) Whitehall and Saucon shall hold in trust for Receiver (and not sell, transfer, assign, lend, pledge, hypothecate, return, reject, revoke or in any other way actually or

constructively dispose of, without Court approval or the written consent of Plaintiff), any certificate, deposit, fund, account, trademark, benefit, liquor or food license or permit, or other right or interest owned by it and used in connection with the Properties, and shall assign (to the extent assignable) any of the same to Receiver upon Receiver's written request.

(dd)    Notwithstanding anything contained in this Order, (1) any obligation or liability incurred by the Receiver during the receivership shall not be a personal obligation or liability of Whitehall or Saucon, but shall be collectible only out of the Properties, and the Receiver shall include the foregoing in each agreement, purchase order and other contract it enters into pursuant hereto, and (2) neither Whitehall, Saucon nor any of their affiliates shall be liable for any action or inaction of the Receiver. Receiver covenants not to sue or bring any claim, demand action or suit against Whitehall or Saucon directly or indirectly that is inconsistent with the foregoing and the nonrecourse nature of the obligations of Whitehall and Saucon pursuant to the terms and provisions of the Loan Agreement and other similar provisions contained in the Loan Documents.

7.    Neither the Receiver nor any person or entity employed by the Receiver (collectively, the "Receiver Parties") shall be liable to Whitehall, Saucon or to any third party for any act or omission which he, she, it or they have undertaken in good faith; provided, however, nothing contained herein shall release or limit the liability of the Receiver Parties arising from the gross negligence or willful misconduct of the Receiver Parties. The Receiver shall be entitled to all defenses and immunities provided under applicable law, including under *Barton v. Barbour*, 104 U.S. 126 (1881) and its progeny, for acts or omissions within the scope of the Receiver's appointment.

8.    Except as provided in this Order, the Receiver shall not be responsible for the payment of any services commissioned or incurred, or goods purchased, prior to the date of this Order, including utility invoices (including electricity, gas, water, sewer, garbage, phone/internet,

etc.), payroll and property vendors, all of which shall remain the responsibility of Whitehall or Saucon.

9. No utility may terminate service to the Properties because of non-payment of pre-receivership obligations without prior order of this Court, nor may the continuation of any utility be conditioned upon the Receiver's payment of any pre-receivership consumption, charges or fees.

10. No insurance company may cancel its existing current-paid policy without prior order of this Court.

**IV. TURNOVER BY WHITEHALL AND SAUCON**

11. Whitehall, Saucon and all persons acting under their direction are ordered to immediately deliver to Receiver possession of the Properties and each of the following, to the extent owned by Whitehall or Saucon, in the possession or control of Whitehall or Saucon, and relating to the Properties without any right of offset or recoupment:

(a) Property-related information and other property management database files,

(b) All cash collateral for the indebtedness owed by Whitehall or Saucon to Plaintiff (whether consisting of cash on hand, cash in any and all bank accounts or other accounts, all rights to security deposits, if any, including but not limited to amounts that Whitehall or Saucon may have deposited with utility companies, and all other cash and cash equivalents);

(c) All keys to the Properties;

(d) All security deposits, rent, prepaid rent and other sums relating to the use, enjoyment, possession, improvement or occupancy of all or any part of the Properties, in each case, to the extent received by Whitehall or Saucon and any accounts in which any of the foregoing are deposited;

(e) A current list of the occupants of the Properties;

(f) Any and all current Properties accounts receivable and accounts payable reports;

  (g) Any and all contracts in effect with respect to the Properties, and any material related correspondence;

  (h) Any and all payroll records and other materials reasonably requested by Receiver and related to persons employed by Whitehall, Saucon or their property managers at the Properties;

  (i) Certificates evidencing the insurance policies covering the Properties;

  (j) Records showing any insured losses to the Properties in the past five years;

  (k) Any and all bank statements relating to any accounts maintained by Whitehall or Saucon with respect to the Properties;

  (l) The tax identification numbers of Whitehall and Saucon;

  (m) Any and all other records pertaining to the management of the Properties to the extent such records are maintained; and

  (n) All licenses, certificates, surveys, reports, communications and correspondence from the Commonwealth of Pennsylvania related to the Properties or operations of the Properties for the past twenty-four (24) months.

12. From and after the date Whitehall and Saucon deliver possession of the Properties to Receiver, Whitehall and Saucon shall continue to perform ·or cause to be performed at the sole cost and expense of Whitehall and Saucon all actions necessary for Whitehall and Saucon to keep their organizational status in good standing with their state of organization and the state where the Properties are located, if different, including, without limitation, the timely filing of all required annual reports, tax returns and other similar state and local filings and paying any required fees and charges.

13. Whitehall, Saucon and all persons acting under their direction are ordered to cooperate and use their best efforts to ensure a smooth transition of the management and operation of the Properties to the Receiver, including, but not limited to, requests for information or

documents that pertain to the maintenance, operation or leasing of the Properties or any efforts to collect any sums due;

14. Within three (3) days from the date of this Order, provide the Receiver with the name, title, address, telephone number and email address of a designated representative of Whitehall and Saucon with whom the Receiver shall communicate about the obligations expressed in this Order, and promptly notify the Receiver of any changes.

## V.    NON-INTERFERENCE BY WHITEHALL AND SAUCON

15. Whitehall, Saucon and their officers, directors, general partners, limited partners, agents, property managers, architects, contractors, subcontractors and employees, and all other persons with actual or constructive knowledge of this Order and their agents and employees, are enjoined from:

(a) Interfering with the Receiver, directly or indirectly, in the management and operation of the Properties or in the collection of Rents;

(b) Extending, dispersing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in or disposing of the whole or any part of the Properties (including the Rents) without the prior written consent of the Receiver;

(c) Doing any act which will, or will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Properties (including the Rents and licenses or certificates) or the interest of Lehigh Valley 1 LLC in the Properties or the Rents;

(d) Undertaking any efforts to cancel, terminate or modify the coverage provided by any existing insurance policies relating to the Properties before their respective expiration dates; or

(e) Transferring, selling, assigning, revoking, returning, terminating or canceling, or taking or failing to take any action that would compromise, without the consent of the Receiver, any contract, permit, approval, license, privilege, or right necessary for the operation

of business at or use and occupancy of the Properties.

16. In the event Whitehall or Saucon fail to comply with the terms of this Order, the Receiver may seek assistance from the U.S. Marshal to enforce the same.

## VI. RECEIVER'S COMPENSATION

17. The Receiver shall be compensated at its standard hourly rates. The Receiver's fee will be $975 per hour and said monthly fee shall be deducted directly from the rents, income and revenue received by Receiver.

18. In addition to the Receiver's fees, the Receiver shall be reimbursed for its reasonable costs, including legal fees, travel expenses, and other business expenses associated with the Receivership. The Receiver may pay itself from Rents, the Receivership Properties, and from the sale of the Properties, if any.

19. The Receiver shall file monthly reports with the Court disclosing its compensation and reimbursement.

## VII. BANKRUPTCY OF WHITEHALL AND/OR SAUCON

20. If Whitehall and/or Saucon files a bankruptcy case during the receivership, Lehigh Valley 1 LLC shall give notice of the bankruptcy case to the Court and the Receiver. If the Receiver receives notice that the bankruptcy has been filed and that part of the bankruptcy estate includes the Properties (or any part of them) that are the subject of this Order, the Receiver shall have the following duties:

(a) The Receiver shall give prompt notice of the bankruptcy case to Lehigh Valley 1 LLC.

(b) The Receiver shall immediately contact Lehigh Valley 1 LLC and determine whether Lehigh Valley 1 LLC intends to move in the bankruptcy court for an order for: (i) relief from the automatic stay; and (ii) relief from the Receiver's obligation to turn over the Properties (11 U.S.C. § 543). If Lehigh Valley 1 LLC disclaims in writing any intention to make such a

motion or fails to file such motion within ten court days following its receipt of notice of the bankruptcy filing, the Receiver shall immediately turn over the Properties (or applicable portion thereof) to the appropriate entity (either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession) and otherwise comply with 11 U.S.C. § 543.

If Lehigh Valley 1 LLC intends to seek relief immediately from both the automatic stay and the Receiver's obligation to turn over the Properties, the Receiver may remain in possession and preserve the Properties pending the ruling on those motions unless otherwise ordered by the Bankruptcy Court. (11 U.S.C. § 543(a).) The Receiver's authority to preserve the Properties shall be limited as follows: (i) the Receiver may continue to collect Rents and other income; (ii) the Receiver may make only those disbursements necessary to preserve and protect the Properties; (iii) the Receiver shall not execute any new leases or other long-term contracts without the approval of this Court and the Bankruptcy Court; and (iv) the Receiver shall do nothing that would effect a material change in the circumstances of the Properties.

## VIII.   MISCELLANEOUS

21.   Without limiting any of the general or specific powers granted herein, Receiver is vested with all the powers, rights, and duties provided to receivers under applicable law, and may act in the name of Whitehall and/or Saucon without the approval or consent of the members, managers, directors, officers, partners, or other persons that would be legally required in the absence of the Receiver's appointment to approve or consent to such action.

22.   The Receiver shall notify all known creditors of Whitehall or Saucon of the entry of this Order by sending a copy of the Order to the creditor at its last known mailing address.

23.   Entry of this Order shall operate as a stay applicable to all persons and entities of:

(a) Any act, including without limitation the commencement or continuation of a judicial, administrative, or other action or proceeding including the issuance of process to obtain possession of Receivership Properties or to interfere with or exercise control over Receivership

Properties, other than the commencement or continuation of a judicial, administrative, or other action or proceeding to enforce any lien having priority over the rights of the Receiver in the Receivership Properties;

(b) Any act to create or perfect any lien against Receivership Properties to the extent that the lien secures a claim that arose before the date of this Order.

24. Without first obtaining leave of this Court, all creditors, directors, equity owners, employees, unions, and other persons, and all others acting on behalf of such person, including sheriffs, Marshals, other officers, deputies, servants, agents, are enjoined from:

(a) Terminating any service, whether utility or otherwise, to or for the Properties without first obtaining express authorization from this Court;

(b) Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement or otherwise affecting the Receivership Properties;

(c) Doing any act to interfere with the Receiver taking control, possession, or management of the Receivership Properties, or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Properties;

(d) Engaging in any act to collect, assess, or recover Receivership Properties for a claim against Whitehall or Saucon that arose before the appointment of the Receiver;

(e) Exercising a right of set off against Receivership Properties for a debt owing to Whitehall or Saucon that arose before the appointment of the Receiver.

(f) Plaintiff reserves the right to terminate the Receiver at any time.

(g) This receivership will continue in effect until further order of the Court.

(h) Notwithstanding anything in this Order to the contrary, Lehigh Valley 1's consent shall not be required for Receiver to take actions or make expenditures necessary

to comply with federal and state law or directives regarding the operations of the Properties or to comply with state statutory and regulatory requirements.

                              **BY THE COURT:**

                              *s/ Catherine Henry*
                              **CATHERINE HENRY, J.**