# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEHIGH VALLEY 1, LLC, successor by assignment to WINDSTREAM CAPITAL LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION<br><br>v.<br><br>WHITEHALL FIDUCIARY LLC, as TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2027 | : CIVIL ACTION<br>:<br>: NO. 24-2627 |
| LEHIGH VALLEY 1, LLC, successor by assignment to WINDSTREAM CAPITAL LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION<br><br>v.<br><br>SAUCON TRUST, U/T/A DATED OCTOBER 1, 2007 | : CIVIL ACTION<br>:<br>: NO. 24-2709 |

## ORDER

**AND NOW**, this 9th day of June 2025, upon consideration of Defendants' Motions to Stay Appointment of Receiver Pending Resolution of Appeals (Docket No. 68 in case number 24-2627 and Docket No. 61 in case number 24-2709) and Plaintiff's oppositions thereto, it is hereby **ORDERED** that Defendants' Motions are **DENIED**.[1]

---

[1] On May 2, 2025, I entered an Order appointing a receiver to manage the two Properties at issue in these consolidated mortgage foreclosure matters. On that same day, Defendants filed an appeal of that Order. A receivership appointment is not automatically stayed pending appeal (see Fed. R. Civ. P. 62(c)), and thereafter, on May 27, 2025, Defendants filed a motion in which they seek to stay the appointment of the receiver pending resolution of their appeals.

In examining whether to grant a stay, Courts in the Third Circuit have identified the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).

In support of the first factor and their claim that they have a strong likelihood of success on the merits, Defendants set forth only one argument. They assert that because the appointment of a receiver "is an example of judicial discretion where courts can weigh factors differently," (Docket No. 68, p. 12) it is "entirely plausible that the Third Circuit could adopt a different framework, apply a broader or narrower set of considerations, or arrive at a different conclusion even under the same set of facts." (*Id.*, p. 13.) They claim to have shown a "reasonable likelihood of success on the merits because the applicable legal standard invites differing conclusions among reasonable minds." (*Id.*) However, it is important to note that the Third Circuit "review[s] the decision to appoint a receiver for abuse of discretion." *KeyBank Nat'l Ass'n v. Fleetway Leasing Co.*, 781 F. App'x 119, 121 (3d Cir. 2019), citing *Maxwell v. Enter. Wall Paper Mfg. Co.*, 131 F.2d 400, 403 (3d Cir. 1942). A court abuses its discretion if its "decision rests upon a clearly erroneous finding of fact, an errant conclusion of law[,] or an improper application of law to fact." *EEOC v. City of Long Branch*, 866 F.3d 93, 97-98 (3d Cir. 2017) (citation omitted).

In reviewing Defendants' argument regarding their likelihood of success on the merits, it is telling that they do not identify any erroneous factual finding that I made in my opinion appointing a receiver, nor do they identify any error of law that was made. In addition, they offer no evidence to support any improper application of law to fact. Defendants' motion presents nothing that would lead to the conclusion that the Third Circuit will find that I abused my discretion by appointing a receiver in this matter. Accordingly, I find that Defendants cannot show a likelihood of success on the merits.

As to irreparable harm, Defendants claim that absent a stay, there will be "encroachment into the operations of tenant businesses." (Docket No. 68, p. 13.) In support of this argument, Defendants claim the receivership order is ambiguous and confusing for their "Tenant Operators," as the order does not contain an express limitation preventing the Receiver from interfering with the businesses of tenants. (*Id.*, p. 14.) I find this contention to be unpersuasive for several reasons. First, the Receivership Order clearly establishes the powers of the Receiver and contains no ambiguity. Second, the Receiver does in fact have some authority over the tenant operators, as the Receivership order clearly provides the Receiver with the authority to "retain a reputable management company" to operate the Properties. (Docket No. 58, Para III(6)(g)). Third, even if the order did result in some confusion, Defendants have not provided any evidence of actual harm. In addition, to the extent Defendants are arguing that their loss of control over the Properties is irreparable harm, I find that argument to also be unpersuasive. Defendants themselves have for years been in the best position to prevent this alleged harm by paying their mortgages, which they have continuously failed to do. Their own failure to meet their contractual obligations cannot serve as proof of their harm.

Next, I must examine whether a stay would substantially harm Plaintiff. As I discussed in detail in the opinion granting the receivership, Defendants' actions have caused a risk of damage to the Properties and therefore, a risk of damage to Plaintiff's collateral. The Receiver was appointed in large part due to this very risk of substantial harm to Plaintiff. Obviously, a stay of this matter during which the Receiver is prevented from performing its necessary duties could potentially cause significant harm to Plaintiff.

Lastly, I find that the public interests favor denying a stay in this matter. These Properties house healthcare facilities that provide medical and memory care services to elderly patients. Defendants have failed to make mortgage payments in over four years, and the Properties allegedly have deficient insurance and unpaid taxes. The Properties require responsible property management for the sake of these senior citizens, and Defendants' inability to do so could result in harm to this vulnerable population, including possible displacement from their residences. Accordingly, the appointment of a receiver is necessary to preserve the status quo and protect the residents of these healthcare facilities, which is clearly in the public interest.

BY THE COURT:

/s/ Catherine Henry
_____
**CATHERINE HENRY, J.**

---

As all four of the factors necessary for Defendants to obtain a stay pending appeal are resolved in favor of Plaintiff, Defendants' Motions to Stay will be denied. Defendants must permit the Receiver to fulfill its duties as set forth in the May 2, 2025, Order while Defendants' appeal proceeds.